UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARBEL MASSOUD KHOURY,<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-06502-DC-CSK (HC)<br><br>ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER<br><br>(Doc. Nos. 1, 2, 6) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 2) filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

Noncitizens present without admission who are apprehended in the interior of the United States are subject discretionary detention under 8 U.S.C. § 1226, not mandatory detention under 8 U.S.C. § 1225(b)(2)(A), and are entitled to a custody redetermination hearing at which their eligibility for release on bond must be considered. *See Ramon Rodriguez Vazquez v. Drew Bostock, et al.*, No. 25-6842, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026). Further, this court has previously addressed the legal issues raised by Count Two of the petition. (Doc. No. 1 at 53.) Specifically, this court has found that a noncitizen who has lived in the United States for an extended period of time without having been admitted is subject to discretionary detention during removal proceedings pursuant to 8 U.S.C. § 1226(a) and is entitled to a pre-deprivation bond

hearing under that section. *See Alvarez Maciel v. Noem*, No. 1:26-cv-01318-DC-CKD, 2026 WL 496948 (E.D. Cal. Feb. 23, 2026) (granting injunctive relief of immediate release for noncitizen who was detained by U.S. immigration authorities after living in the United States for over twenty years); *Barajas Ortiz v. Chestnut*, No. 1:26-cv-01167-DC-SCR, 2026 WL 508419 (E.D. Cal. Feb. 24, 2026) (same as to noncitizen who had lived in United States for over 30 years); *Acevedo Duran v. Albarran*, No. 1:26-cv-01108-DC-CSK, 2026 WL 539409 (E.D. Cal. Feb. 26, 2026) (same as to noncitizen who had lived in United States for approximately 2–3 years); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's Immigration and Nationality Act claim where the petitioner lived in the United States for eight years before his detention); *Mendez Juarez v. Warden, Mesa Verde Detention Center*, No. 1:26-cv-02045-DC-CSK, 2026 WL 1131003 (E.D. Cal. Apr. 25, 2026) (same as to noncitizen who lived in United States for approximately four years); *Calle-Brito v. Santacruz*, No. 1:26-cv-02355-DC-CSK, 2026 WL 1482712 (E.D. Cal. May 27, 2026) (same as to noncitizen who resided in United States for approximately 3.5 years); *Jimenez Orellana v. Johnson*, 1:26-cv-02960-DJC-SCR, 2026 WL 1134641 (E.D. Cal. Apr. 27, 2026) (same as to noncitizen who resided in United States for approximately 1–2 years); *Rauda Molina v. Chestnut*, 1:26-cv-01644-DJC-JDP, 2026 WL 640924 (E.D. Cal. Mar. 6, 2026) (same as to noncitizen who resided in United States for approximately two years).

On August 17, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion and habeas petition. (Doc. No. 5.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Alvarez Maciel* and *Barajas Ortiz*. (*Id.*)

On August 6, 2026, Respondents filed their opposition to Petitioner's motion on the same legal grounds as those addressed by the court in *Alvarez Maciel* and *Barajas Ortiz*. (Doc. No. 6.) However, Respondents factually distinguish Petitioner's claim from the aforementioned cases by emphasizing that Petitioner was detained by immigration authorities following his April 20, 2026,

arrest for indecent assault and battery on a person 14 or over, and argue that Petitioner's criminal history suggests he is a danger to the public. (*Id.* at 1–3, 23–30.) Respondents attach Petitioner's RAP sheet and criminal records showing the arrest. (*Id.* at 23–30.) That case is still pending. (*Id.* at 2, 26; Doc. No. 1 at 5.) Further, Respondents "do not oppose the Court ruling on the underlying petition without hearing and on the documents submitted." (Doc. No. 6 at 1.) On August 20, 2026, Petitioner filed a reply indicating that he likewise does not oppose the court ruling on the petition as to Count Two. (Doc. No. 7 at 2.)

Because Respondents have not made any new legal arguments or identified any legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for a temporary restraining order (Doc. No. 2) and petition for a writ of habeas corpus (Doc. No. 1) as to Count Two for the reasons set forth in the court's order in *Zuniga Cruz*.[1] However, unlike the petitioner in *Zuniga Cruz* who had no criminal record, Petitioner here was detained by immigration authorities immediately following his arrest for indecent assault and battery on a person 14 or over, and charges relating to that arrest remain pending. (Doc. Nos. 1 at 5; 6 at 1–3, 23–30.) This court has previously found that where the government asserts a non-pretextual basis to detain a noncitizen who has not previously been released from immigration custody pending removal proceedings, the proper remedy for the government's failure to provide the petitioner with a bond hearing is a post-deprivation bond hearing, not immediate release. *Chateauneuf v. Chestnut*, No. 1:26-cv-01073-DC-JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) ("[W]here the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release.").

---

[1] Because the court is granting the petition on the statutory claim (Count Two), the court need not address any additional grounds raised in the petition. *See N.K. v. Noem*, No. 1:26-cv-00292-KES-SAB (HC), 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); *Constantinovici v. Bondi*, 806 F. Supp. 3d 1155, 1166 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release").

Accordingly,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 2) are GRANTED as follows:

   a. Within fourteen (14) days of the date of entry of this order, Respondents are ORDERED to provide Petitioner Charbel Massoud Khoury (A-209-457-219) a bond hearing before an immigration judge pursuant to 8 C.F.R. § 1236.1(c)(8) at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety; and

   b. If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days of the date of entry of this order, Petitioner shall be immediately released from Respondents' custody;

2. Respondents' pending motion (Doc. No. 6) is DENIED;

3. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 24, 2026**

Dena Coggins
United States District Judge